## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK DIVISION

| | |
|---|---|
| **MILAGROS VALLE, individually, on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**BROADRIDGE FINANCIAL SOLUTIONS, INC.,**<br><br>**Defendant.** | **No.: 2:21-cv-18546**<br><br><br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Milagros Valle, individually and on behalf of all others similarly situated, through her undersigned attorneys, brings this lawsuit against Broadridge Financial Solutions, Inc. ("Broadridge") ("Defendant") seeking all available remedies under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a, *et seq*. ("NJWHL"). The following allegations are made on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

### NATURE OF THE ACTION

1.       Broadridge Financial Solutions, Inc. provides a broad array of communication and technology services including mailing and printing services to companies around the globe. Broadridge's customers include more than half of all public companies and mutual funds globally.

2.       Defendant employs individuals, such as Plaintiff and those similarly situated, as Day Rate Workers ("Day Rate Workers").

3.       Defendant pays Plaintiff and similarly situated Day Rate Workers at a set daily rate, regardless of how many hours they work ("Day Rate Workers").

4.    Defendant does not pay overtime to Day Rate Workers when they work over 40 hours in a workweek.

5.    As such, Defendant fails to pay Day Rate Workers overtime owed under the FLSA and corresponding state wage and hour laws.

6.    Plaintiff brings this action on behalf of herself and similarly situated Day Rate Workers who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. §216(b) to remedy violations of the wage and hour provisions of the FLSA by Defendant that have deprived Plaintiff and similarly situated employees of their lawfully earned wages.

7.    Plaintiff also brings this action on behalf of herself and similarly situated Day Rate Workers in New Jersey pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the NJWHL, 34:11-56a *et seq.*; 34:11-4.1, *et seq*.

### JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9.    Alternatively, jurisdiction is conferred upon this Court by 28 U.S.C.A. § 1332(d) (the Class Action Fairness Act) because (1) upon information and belief the class has 100 or more members, (2) at least one class member is diverse to a Defendant, and (3) upon information and belief the amount in controversy is more than $5 million.

10.    This Court also has jurisdiction over Plaintiff(s)' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

11.    Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendant operates business within this district, Defendant is a resident of the State of

New Jersey, and also because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

### Plaintiff

### Milagros Valle

12.     Milagros Valle ("Valle") is an adult residing in West New York, New Jersey.

13.     Valle was employed by Defendant as a Day Rate Worker from April 2020 to present. Her job title was "Project Manager" although her job title and job duties are not particularly relevant as Defendant failed to pay her (and other Day Rate Workers like her) on a salary basis.

14.     Valle is a covered employee within the meaning of the FLSA and the NJWHL.

### Defendant

### Broadridge Financial Solutions, Inc.

15.     Defendant Broadridge Financial Solutions, Inc. is a foreign business corporation organized and existing under the laws of Delaware that does business in the State of New Jersey.

16.     Upon information and belief, Broadridge's principal executive office is located at 2 Gateway Center, Newark, New Jersey 07102.

17.     Defendant is a covered employer within the meaning of the FLSA and NJWHL, and, at all times relevant, employed Plaintiff and similarly situated employees.

18.     At all times relevant, Broadridge has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to: hiring, firing, discipling, timekeeping, payroll, and other employment practices.

19.     Broadridge applies the same employment policies, practices, and procedures to all

Day Rate Workers at Broadridge, including policies, practices, and procedures regarding payment of wages to Day Rate Workers who work over 40 hours in a workweek.

20.    Upon information and belief, at all times relevant, Broadridge's annual gross volume of sales made or business done was at least $500,000.

## COLLECTIVE ACTION ALLEGATIONS

21.    Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of herself and all similarly persons who work or have worked as a Day Rate Worker for Defendant, and any subsidiaries, alter egos, or co-employers, nationwide who elect to opt-in to this action (the "FLSA Collective").

22.    Defendant is liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and the FLSA Collective for their overtime hours worked.

23.    Consistent with Defendant's policies and patterns or practices, Plaintiff and the FLSA Collective were not paid overtime when they worked more than 40 hours in a workweek.

24.    All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

25.    As part of their business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violation the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, the correct overtime wages for all wages hours in excess of 40 hours per workweek.

## NEW JERSEY CLASS ACTION ALLEGATIONS

26.     Plaintiff(s) bring the Second Cause of Action, a NJWHL Claim, under Rule 23 of

the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All Day Rate Workers employed by Defendant, and any subsidiaries, alter egos, or
> co-employers, in New Jersey between November 1, 2019 and the date of final
> judgment this matter (the "NJWHL Class").

27.     The members of the NJWHL Class are so numerous that joinder of all members is

impracticable, and the disposition of their claim as a class will benefit the parties and the Court.

28.     There are more than fifty members of the NJWHL Class.

29.     Plaintiff's claim is typical of the claim that could be alleged by any member of the

NJWHL Class, and the relief sought is typical of the relief which would be sought by each member

of the NJWHL Class in separate actions.

30.     Plaintiff and the NJWHL Class have all been injured in that they have been

uncompensated, under-compensated, or untimely compensated due to Defendant's common

policies, practices, and patterns of conduct.

31.     Defendant's corporate-wide policies and practices affected everyone in the

NJWHL Class similarly, and Defendant benefited from the same unfair and/or wrongful acts as to

each member of the NJWHL Class.

32.     Plaintiff is able to fairly and adequately protect the interests of the NJWHL Class

and has no interests antagonistic to the NJWHL Class.

33.     Plaintiff is represented by attorneys who are experienced and competent in both

class action litigation and employment litigation and have previously represented many plaintiffs

and classes in wage and hour cases.

34.     A class action is superior to other available methods for the fair and efficient

adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

35.     Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

36.     Common questions of law and fact exist as to the NJWHL Class that predominate over any questions only affecting Plaintiff and/or each member of the NJWHL Class individually and include, but are not limited to, the following:

(a)  whether Defendant correctly compensated Plaintiff and the NJWHL Class for hours worked in excess of 40 per workweek;

(b)  whether Defendant's "day rate" compensation plan complies with the "salary basis" requirements under the NJWHL; and

(c)  whether Defendant's employed Plaintiff and the NJWHL Class for the purposes of the NJWHL.

## **FACTUAL BACKGROUND**

37.     Consistent with their policies and practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Milagros Valle**

38.     Valle was employed by Defendant as a Day Rate Worker from approximately April 2020 to present. During this time, Valle Defendant's worked for Defendant in Weehawken, New Jersey.

39.     Defendant hired Valle via its staffing agency, SilverSearch Consulting, Inc.

40.     Throughout her employment, Valle regularly worked over 40 hours per week.

41.     In fact, Valle typically worked between 10 and 14 hours a day, 5 days a week.

42.     For example, in the week ending June 14, 2020, Valle worked 62.5 hours over the course of five days. This fact is confirmed by her timesheet:



| Consultant (Name) : Valle; Mila | | | Period Covered : 6/8/2020 to 6/14/2020 | | | | | | | |
| Client (Name) : Broadridge | | | Broadridge Manager (Name) : ___Seffi Bejarano_____ | | | | | | | |
| Consultant (Signature) : ___Mila Valle _____ | | | Broadridge Manager (Signature) : _____ | | | | | | | |

| Duration | Project Name | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday | Sunday | Total |
|---|---|---|---|---|---|---|---|---|---|
| 2020-Wk24 (06/08/2020-06/14/2020) | Unicorn_Advisory_TaxManagementSystem_TMS | 11.75 | 13.25 | 14.00 | 11.75 | 11.75 | | | 62.50 |
| Total | | 11.75 | 13.25 | 14.00 | 11.75 | 11.75 | | | 62.50 |

43.     As a Day Rate Worker, despite regularly working over 40 hours per workweek, Defendant paid Valle with flat day rate bonus, regardless of the number of hours worked. In this regard, Valle received a day rate of $384 per day.

44.     Valle did not receive any guaranteed salary.

45.     Valle was paid solely on the shifts she worked.

46.     Valle's primary duties were generally manual in nature. Valle performed primarily non-exempt work. Valle was required to perform her job in strict compliance with Defendant's company policies.

47.     Valle's job performance was within the usual course of Defendant's business and was conducted within the locations set by Defendant's.

48.     Valle is not independently engaged in other services or businesses and relies upon Defendant's business for her sole employment.

49.     Valle did not have authority to hire or fire employees.

50.     Valle did not have authority to interview applicants.

51.    Defendant failed to pay proper overtime compensation due to its policy and practice of not paying Valle and similarly situated employees for all compensable time they worked.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**Brought on behalf of Plaintiff and the FLSA Collective**

52.    Plaintiff incorporates by reference all allegations in all preceding paragraphs.

53.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the FLSA Collective.

54.    Defendant failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of one and one-half times the full minimum wage rate or their regular rate of pay, whichever is greater – for all hours worked beyond 40 per work week.

55.    Defendant's unlawful conduct, as described in this Complaint, has been willful and intentional. Defendant was aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendant did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective. As such, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

56.    As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

<u>**SECOND CAUSE OF ACTION**</u>
**New Jersey Wage and Hour Law – Overtime Wages**
**Brought on behalf of Plaintiff and the NJWHL Class**

57.     Plaintiff incorporates by reference all allegations in all preceding paragraphs.

58.     Defendant is an employer covered by the NJWHL, N.J.S.A. 34:11- 56a(1)(g).

59.     Plaintiff and the NJWHL Class are covered employees by the NJWHL, N.J.S.A. 34:11- 56a(1)(h).

60.     The overtime wages sought by this claim are "wages" as defined by N.J.S.A. 34:11 56(a)(1)(d).

61.     Throughout the relevant period, Defendant has been subject to the NJWHL and the enabling Regulations noted here.

62.     Defendant failed to pay Plaintiff and the NJWHL Class the premium overtime wages to which they were entitled under the NJWHL – at rate of one and one half times their regular rate of pay – for all hours worked beyond 40 per workweek.

63.     Defendant's actions in violation of the FLSA have been made willfully to avoid liability under the NJWHL.

64.     Defendant's violation of the NJWHL was not a first-time violation resulting from an inadvertent error made in good faith.

65.     Defendant and its senior management had no reasonable basis to believe that Plaintiff and Class Members were not entitled to the appropriate overtime wages for hours worked in excess of 40 hours per workweek.

66.     As alleged herein, Defendant has failed to compensate Plaintiff and the NJWHL class the appropriate overtime wages for hours worked in excess of 40 per workweek.

67.     Defendant knew or should have known that its day rate policy would deny Plaintiff

and the NJWHL Class the overtime pay required by New Jersey law.

68.      Defendant violated the NJWHL by failing to pay New Jersey overtime wage to Plaintiff(s) and the NJWHL Class.

69.      Defendant's violations of the NJWHL were willful.

70.      As set forth above, Plaintiff and the NJWHL Class have sustained losses and lost compensation as a proximate result of Defendant's violations.

71.      Accordingly, Plaintiff on behalf of herself and the NJWHL, seek damages in the amount of their unpaid earned compensation, interest, liquidated damages, and attorneys' fees and costs. N.J.S.A. § 34:11-56a25.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, seeks for the following relief.

A.  That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Day Rate Workers who are presently working at, or who have worked at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, at Defendant's locations nationwide.

B.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

C.  Unpaid overtime wages, and an additional amount of liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

D.  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.  Designation of Plaintiff as representative of the NJWHL Class and counsel of record as Class Counsel;

F.  Unpaid overtime wages, and an additional amount equal to not more than two hundred percent of liquidated damages pursuant to the N.J.S.A. § 34:11-56a, *et seq.,* and the supporting New Jersey Department of Labor and Workforce Development Regulations;

G.  Reasonable attorneys' fees and costs of the action; and

H.  Such other and further relief as this Court shall just and proper.

Dated: New York, New York
        October 13, 2021

Respectfully Submitted,

*/s/ Dana M. Cimera*
Dana M. Cimera

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli*
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375
jfitapelli@fslawfirm.com
dcimera@fslawfirm.com

**AND**

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch*
Texas Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

*Admission pro hac vice forthcoming*

*Attorneys for Plaintiff and the
Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

I consent to be a party plaintiff in a lawsuit to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I agree to be represented by Fitapelli & Schaffer LLP and their co-counsel in this matter.

_____
Signature

Milagros Valle
_____
Full Legal Name (Print)